IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERESA ANN NEESE, | : |
| | : |
| Plaintiff | : |
| | : CIVIL ACTION |
| v. | : FILE NO. 1:11-CV-01333-ODE |
| | : |
| PUBLIX SUPERMARKETS, INC., | : |
| | : |
| Defendant | : |

## PLAINTIFF'S MOTION FOR SANCTIONS DUE TO DEFENDANT'S WILLFUL FAILURE TO DISCLOSE WITNESSES

NOW COMES the Plaintiff, Teresa Ann Neese (hereinafter "Plaintiff"), and moves this Court pursuant to Federal Rule of Civil Procedure 37(c) to sanction the Defendant and Defendant's Counsels for concealment of material witnesses, repeated violation of applicable rules and procedures, repeated false representations to this tribunal and opposing counsel that they had fully disclosed witnesses when they had done the opposite and concealed material witnesses, and for willful violations of the Rules of Professional Conduct Rules, specifically Rule 3.3, Rule 4.1 and Rule 8.4.

In support of its motion, Plaintiff states as follows:

1. On July 15, 2008, as a direct result of Defendant Publix's negligent conduct, Plaintiff sustained injuries which required emergency room treatment, follow up therapy and surgery.

2. The Defendant and/or Defendant's Counsels made false representations by intentionally concealing the identity of material witnesses in its Initial Disclosures and Supplemental Disclosures;

3. The Defendant and/or Defendant's Counsels made false representations by intentionally concealing the identity of material witnesses in sworn responses to Plaintiff's Interrogatories;

4. The Defendant and/or Defendant's Counsels made false representations by intentionally concealing the identity of material witnesses in its Joint Preliminary Report and Discovery Plan conference.

5. Plaintiff detrimentally relied on Defendant and Defendant's Counsels false representations that there were no new witnesses and agreed to a modified discovery plan.

6. At no time did Defendant or Defendant's Counsels act to supplement their discovery responses as required by law.

7. On July 29, 2011 Defendant filed a Motion for Summary Judgment which included affidavits of three (3) material witnesses named James Bennett, Chris Cook and Ronald Watson of whom Defendant and Defendant's Counsel would have had knowledge of dating back more than three (3) years and concealed from the tribunal and opposing counsel.

8. Plaintiff cannot have a fair opportunity to be heard in responding to Defendant's Motion for Summary Judgment without an opportunity to depose these material witnesses.

9. Defense Counsel refused to respond to Plaintiff's request to produce the concealed material witnesses for deposition dates.

10. When Plaintiff sent a Notice of Deposition related to these material witnesses Defense Counsel Jennifer Nichols sent a letter stating she would not produce these witnesses and would seek a Protective Order and Attorney Fees.

11. The next day Defense Counsel Nichols took a contrary position and agreed to produce the material witnesses that had been concealed more than (3) three years.

Both the Federal Rules of Civil Procedure and this Court's inherent power allow sanctions to be issued when a party fails to disclose witnesses that it could reasonably foresee would be relevant to litigation. *See* Fed.R.Civ.P. 37(c)(1). Appropriate sanctions for failure to disclose witnesses may be filed against the disobedient party or counsel *See* Fed.R.Civ.P. 37(c)(1). Default judgment may be entered against a disobedient party when there is clear and convincing evidence of willfulness, bad faith or fault by the non-complying party. *Maynard v. Nygren*, 332 F.3d 462 (7th Cir.2003) ("...considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence

of willfulness, bad faith or fault before dismissing a case.") However, a party's bad faith may be evidenced by that party's intentional failure to disclose in a timely manner its witnesses. In the instant case the long history of repeated and intentional concealment of material witnesses makes this an obvious case for sanctions being imposed on Defendant and its Counsels.

WHEREFORE Plaintiff respectively requests the following relief be GRANTED:

(a) Strike Defendant's Answer and Defenses;

(b) Strike Defendant's Motion for Summary Judgment;

(c) Entry of Default Judgment; and,

(e) Such other Relief as this Court deems fair and reasonable.

This 8th day of September, 2011.

MONGE & ASSOCIATES

BY: /s/ Scott G. Monge
Scott G. Monge,
Georgia State Bar No. 515740
Aaron L. Michelman,
Georgia State Bar No. 143175

Attorneys for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, GA 30342
678-579-0203
E-mail: smonge@mongeassociates.com