FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAR 0 9 2012

James N. Hatten, Clerk
By: AmCarier
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERESA ANN NEESE,

               Plaintiff

v.

                                CIVIL ACTION NO.
                                1:11-CV-1333-ODE

PUBLIX SUPERMARKETS INC.,

               Defendant

ORDER

This diversity action is before the Court on multiple motions. This is a premises liability action in which Plaintiff seeks damages for injuries she allegedly sustained when she fell at a store owned and operated by Defendant Publix [Doc. 1-1 at 3]. Publix Supermarkets Inc. ("Defendant" or "Publix") has filed a Motion for Summary Judgment [Doc. 9]. Teresa Ann Neese ("Plaintiff") has filed the following motions: Motion for Extension of Time to Respond [Doc. 15]; Motion for Sanctions [Doc. 18]; Motion to Stay Ruling on Summary Judgment [Doc. 20]; and Motion for Leave to File Supplemental Response [Doc. 31].

For the reasons set forth below, Plaintiff's Motion to Stay Ruling [Doc. 20] is GRANTED; Plaintiff's Motion for Sanctions [Doc. 18] is DENIED; Plaintiff's Motion for Extension of Time to Respond [Doc. 15] is GRANTED; Plaintiff's Motion for Leave to File Supplemental Response [Doc. 31] is GRANTED; and Defendant's Motion for Summary Judgment [Doc. 9] is GRANTED.

I.   Motion to Stay Ruling

As an initial matter, Plaintiff has requested that the Court stay ruling on Defendant's Motion for Summary Judgment pending

ruling on Plaintiff's Motion for Sanctions [Doc. 20]. Defendant has responded in opposition [Doc. 23]. Because Plaintiff's Motion for Sanctions requests that this Court disregard portions of the Motion for Summary Judgment, and because addressing the motions as requested will not delay the proceedings, Plaintiff's Motion to Stay Ruling [Doc. 20] is GRANTED. The Court will consider Plaintiff's Motion for Sanctions prior to considering the pending Motion for Summary Judgment.

II.  Motion for Extension of Time to Respond

Plaintiff next moves for an extension of time in which to respond to Defendant's Motion for Summary Judgment [Doc. 15]. Defendant opposes this motion [Doc. 16]. Defendant's Motion for Summary Judgment was filed July 29, 2011 [Doc. 9]. Plaintiff's response was due twenty-four days later, on August 22, 2011. See LR 7.1 NDGa; Fed. R. Civ. P. 6(d). On August 26, 2011, Plaintiff filed this motion, requesting an extension of time in which to respond to Defendant's Motion for Summary Judgment [Doc. 15]. Plaintiff then filed a response to Defendant's Motion for Summary Judgment on September 23, 2011 [Doc. 25], thirty-two days after such response was due.

The Federal Rules of Civil Procedure allow a court, for good cause, to extend the time for a party to respond to a motion. FED. R. CIV. P. 6(b).[1] If the time to respond has already expired, a court may only extend the time to act on motion for excusable

---

[1]Because the Federal Rules of Civil Procedure specifically authorize a court to extend time in which to respond, Defendant is incorrect that Plaintiff's only avenue for relief is to file a response stating that she is without facts to justify her opposition pursuant to Federal Rule 56(d).

neglect. FED. R. CIV. P. 6(b)(1)(B). Plaintiff does not explain why this motion was not made within the twenty-four day period in which to respond to the Motion for Summary Judgment.[2] However, "[w]hether neglect is excusable is an equitable determination, taking account of all relevant circumstances surrounding the party's omission." United States v. $183,791.00 in U.S. Currency, 391 F. App'x 791, 796 (11th Cir. 2010)(citation and internal quotation marks omitted). In determining whether neglect is excusable, a court may balance "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (internal quotation marks omitted). Here, Plaintiff was unable to prepare a timely response because Defendant failed to disclose three witnesses relied on in its Motion for Summary Judgment. Plaintiff's neglect in filing her response is excusable. Accordingly, Plaintiff's Motion for Extension of Time to Respond [Doc. 15] is GRANTED. Plaintiff's response to Defendant's Motion for Summary Judgment [Doc. 25] filed September 23, 2011 is considered timely.

III. Motion for Sanctions

  A.   Background

Plaintiff commenced this premises liability action against Defendant on April 30, 2010 [Doc. 1 ¶ 2]. During the course of discovery, Plaintiff propounded interrogatories on Defendant

---

[2]Had Plaintiff filed this motion prior to the expiration of time to respond, the time could be extended without showing excusable neglect. FED. R. CIV. P. 6(b)(1)(A).

requesting that Defendant identify "all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation" [Doc. 15-1 at 2]. Defendant identified only Maria Reilly and Jacob Rhea in response [Id.].

On July 29, 2011, Defendant filed a Motion for Summary Judgment. Defendant's Statement of Material Facts attached to this motion relies heavily on the affidavits of three previously undisclosed witnesses: James Bennett, Christopher Cook, and Ronald Watson [Doc. 9 ¶¶ 28-76]. Each of these witnesses is a Publix employee who works in or around the Meat Department where Plaintiff's fall occurred. The affidavits largely describe the store layout and Publix's safety policies [Doc. 10]. None of these witnesses was present at the incident Plaintiff alleged [Doc. 10]. Two of the witnesses were not working on the day of the incident Plaintiff complains of.

Plaintiff has moved the Court to impose sanctions on Defendant pursuant to Federal Rule of Civil Procedure 37 for failing to disclose these three witnesses in either initial disclosures or in response to Plaintiff's interrogatory [Doc. 18]. Plaintiff seeks that the Court strike Defendant's Motion for Summary Judgment or enter a default judgment in her favor as a sanction. Defendant opposes this motion [Doc. 22].

B.   Discussion

Discovery is intended to be a tool for obtaining evidence in support of a claim. In furtherance of that goal, parties are under an obligation to make initial disclosures of any persons likely to have discoverable information. FED. R. CIV. P.

26(a)(1)(A)(i). Parties are also required to fully answer interrogatories in writing under oath. Fed. R. Civ. P. 33(b)(3). Federal Rule 26(e)(1) also requires parties to supplement an initial disclosure or a response to an interrogatory "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1). The three affiants relied on in Defendant's Motion for Summary Judgment should have been disclosed to Plaintiff in either Defendant's initial disclosures or in response to Plaintiff's interrogatory requesting the identity of individuals who gave statements in this case. Under the rules requiring disclosure and supplementation, Defendant was under an affirmative obligation to provide Plaintiff with the identity of these three affiants. Failure to appropriately supplement a disclosure or response under Rule 26(a) subjects a party to sanctions. Rule 37 provides that if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1). A party's failure to disclose required information results in mandatory exclusion of that information from consideration on a summary judgment motion. See FED. R. CIV. P. 37 (1993 Advisory Committee Note describing sanction as "automatic").

Defendant urges this Court to deny Plaintiff's motion for sanctions on two grounds. First, Defendant argues that Plaintiff was required to file this motion within the time specified for filing a motion to compel. Nothing about Local Rule 37, which addresses motions to compel, requires Plaintiff to seek sanctions

within the same time period.  See LR 37.1 NDGa.  The Court will
not, therefore deny Plaintiff's motion on this ground.

Defendant next argues that its failure to supplement its
disclosures was harmless.  FED. R. CIV. P. 37(c)(1).  Rule 37
excuses a failure to comply with Rule 26 only if the failure was
substantially justified or harmless.  Defendant, as the non-moving
party, bears the burden of showing the failure to comply was
excusable.  See St. Fleurose v. Worldwide Dedicated Servs., Inc.,
No. 6:06-CV-1272-Orl-18KRS, 2007 WL 4287614, at *3 (M.D. Fla.
Dec. 5, 2007).  Defendant offers no justification for its failure.
The Court notes that the affidavits were signed July 25, 26, and
27, 2010, just days before Defendant filed its Motion for Summary
Judgment.  Though not a justification, it does not appear that
Defendant's failure to disclose was in bad faith or an attempt to
"hide the ball."  See McClain v. Metabolife Int'l, Inc., 193 F.
Supp. 2d 1252, 1259 (N.D. Ala. 2002).

The Court finds that the failure to disclose was harmless.
The affidavits provided by these three affiants relate almost
exclusively to describing Publix's "Don't Pass It Up, Pick It Up"
policy, which Plaintiff was aware of since taking the deposition
of Jim Vincent on November 11, 2010.[3]  Most importantly, Plaintiff

---

[3]In his deposition, Mr. Vincent testified that:
We want to maintain a clean environment throughout the
store and we have a philosophy of kind of "don't pass it
up, pick it up."  So everyone that's involved in our
store and within our training is taught on cleaning up
spills, cleaning up, being aware, looking at the
environment and cleaning up the areas, and being
proactive.
[Doc. 25-1 at 9].

actually deposed the three affiants on September 15, 2011, a week after seeking this sanction [Docs. 19, 33, 34, 35]. The parties entered into a consent motion to extend discovery for sixty days, during which time Plaintiff deposed each of these affiants [Docs. 25-2, 25-3, 25-4]. E.g., Abrams v. Ciba Specialty Chems. Corp., No. 08-0068-WS-B, 2010 WL 779283, at *6 (S.D. Ala. Mar. 2, 2010) (citing Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D. 303, 310 (E.D. Pa. 2007) (denying motion to exclude witness testimony under Rule 37(c)(1) for untimely disclosure, and instead granting other party leave to depose witness)); Ellison v. Windt, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, at *3 (M.D. Fla. Jan. 24, 2011) (nondisclosure was harmless when party was given opportunity to depose witness before trial). Further, Plaintiff's Motion for Extension of Time to Respond has been granted, so Plaintiff has been afforded the time necessary to depose the affiants and include such testimony in preparing her response to Defendant's Motion for Summary Judgment. Plaintiff has not suffered prejudice from Defendant's failure to disclose these witnesses. The Court does not condone Publix's failure to supplement its initial disclosures and discovery responses; however, under these circumstances, the failure was harmless. Accordingly, Plaintiff's Motion for Sanctions is DENIED.

IV.   Motion for Summary Judgment

    A.   Background

This action was originally filed in the State Court of Gwinnett County, Georgia, and removed to this Court after the non-diverse party was dismissed from the action [Doc. 1]. Pending before the Court is Defendant's Motion for Summary Judgment [Doc.

9].  Plaintiff has responded in opposition to Defendant's Motion [Doc. 25].  Plaintiff further seeks leave to file a supplemental response [Doc. 31].  The Court GRANTS Plaintiff's Motion for Leave to File Supplemental Response Brief and considers the supplemental brief in conjunction with Plaintiff's original response.

      B.    Statement of Undisputed Facts

The following facts are undisputed unless otherwise noted.[4] On July 15, 2008, Plaintiff visited Publix store 636 in Woodstock, Georgia at approximately 9:00 p.m. [Deposition of Teresa Ann Neese, Doc. 9-3 at 73, Doc. 9-4 at 1; Affidavit of James Bennett, Doc. 10-2 ¶ 3].  Plaintiff was shopping with her mother-in-law, Donna Neese [Doc. 9-4 at 1].  Plaintiff was walking down an aisle approaching the back of the store [Doc. 9-4 at 3].  As she turned left at the end of the aisle, Plaintiff slipped and fell [Id.; Deposition of Donna Neese, Doc. 9-6 at 59].  Plaintiff was not pushing a shopping cart [Doc. 9-4 at 3].  The area in which Plaintiff fell was identified by Publix employees as the "back speedway" of the store near double doors leading to the stockroom [Deposition of Maria Riley, Doc. 25-5 at 17-19].  Plaintiff fell in a clear substance that appeared to be water [Doc. 9-4 at 79-80; Doc. 9-6 at 11, 34].  The puddle of water on the floor had a

---

[4]Although Defendant urges the Court to adopt its statement of material facts in its entirety due to Plaintiff's failure to file a response in compliance with Local Rule 56.1(B)(2)(a), the Court has received and considered Plaintiff's reply to Defendant's facts, construing all reasonable inferences in her favor [Doc. 30].  The Court likewise rejects Plaintiff's argument that Defendant's Motion for Summary Judgment was not properly supported because of Defendant's reliance on undisclosed witnesses. The Court has already addressed Defendant's reliance on undisclosed witnesses in denying Plaintiff's Motion for Sanctions.

diameter of ten to twelve inches and a trail of water droplets leading from the puddle toward the stockroom doors [Doc. 9-6 at 11-13]. Donna Neese testified in deposition that from a standing position the floor looked clean and free of debris [Doc. 9-6 at 11]. The puddle, though not visible from a standing position, could be seen by bending over close to look at it [Doc. 9-6 at 11, 14].

Plaintiff did not see the water prior to her fall [Doc. 9-4 at 9]. Plaintiff has no knowledge of the length of time in which the substance was on the floor prior to the fall, nor is she aware of how the substance came to rest on the floor [Doc. 9-4 at 4; Doc. 9-6 at 13]. Plaintiff is further unaware of whether any Publix employee had knowledge of any substance on the floor [Doc. 9-4 at 4-6]. Although a Publix employee assisted Plaintiff after she fell, Plaintiff did not see this employee prior to her fall [Doc. 9-4 at 10-11]. Donna Neese instructed the same employee to mop up the substance [Doc. 9-6 at 39]. Maria Riley, a Publix Customer Service Manager, was the Manager in Charge on the day of Plaintiff's fall [Deposition of Maria Riley, Doc. 25-5 at 7, 12]. She spoke with Plaintiff after the fall and completed an incident report regarding the incident [Doc. 25-5 at 6, 16, 20]. Plaintiff reported feeling "fine" to Maria Riley [Doc. 25-5 at 16].

Publix employed a safety policy of "Don't Pass It Up, Pick It Up" [Doc. 25-1 at 9]. In furtherance of this policy, employees continuously monitor the store throughout their shifts [Affidavit of Christopher Cook, Doc. 10-1 ¶¶ 5-6]. If an employee sees a hazardous condition on the floor, he is trained to clean it up or stand by the hazard and instruct another employee to retrieve

cleaning supplies [Doc. 25-4 at 9-10].   Christopher Cook was working in the Meat Department near where Plaintiff fell on the day of the incident [Deposition of Christopher Cook, Doc. 25-4 at 6].  Mr. Cook did not witness the incident Plaintiff complains of [Doc. 25-4 at 7-8].   Although Mr. Cook could not identify a specific time he inspected the floors, Mr. Cook occasionally patrolled the Meat Department throughout the closing shift on the date in question [Doc. 25-4 at 10-11, 13].   Had there been debris or another hazardous condition on the floor, Mr. Cook would have seen and removed it [Doc. 25-5 ¶ 6].

The Publix store is equipped with cameras; video footage is preserved for thirty days and the tape is then recycled [Deposition of Jim Vincent, Doc. 25-1 at 20-21].   If a camera captured Plaintiff's fall, it was not reviewed or preserved [Doc. 25-5 at 17, 19, 33].

C.   Standard of Review

The Court will grant summary judgment only after determining that "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).   An issue is not "genuine" if it is unsupported by the evidence or is created by evidence that is "merely colorable" or "not significantly probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).   Similarly, a fact is not "material" unless it is identified by the controlling substantive law as an essential element of the non-moving party's case.   Id. at 248.   "Factual disputes that are irrelevant or unnecessary will not be counted" in the summary judgment analysis. Id.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)).   When, as here, the non-moving party bears the burden of proof at trial, the moving party's initial burden is to negate an essential element of the non-moving party's case or to show that there is no evidence to prove a fact necessary to the non-moving party's case. See Young v. City of Augusta, 59 F.3d 1160, 1170 (11th Cir. 1995); Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-09 (11th Cir. 1991).   Rule 56 requires the entry of summary judgment "against a party who fails to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial." Schechter v. Georgia State Univ., 341 F. App'x 560, 562 (11th Cir. 2009) (citing Celotex Corp., 477 U.S. at 322).

Only after the moving party meets its initial burden does any obligation on the part of the non-moving party arise. Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991).   At that time, the non-moving party must present "significant, probative evidence demonstrating the existence of a triable issue of fact." Id. at 1477.   If the non-moving party fails to do so, the moving party is entitled to summary judgment. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991).

At the summary judgment stage, all evidence and justifiable factual inferences must be viewed in the light most favorable to the non-moving party. Rollins v. TechSouth, Inc., 833 F.2d 1525, 1532 (11th Cir. 1987); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). "'[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Four Parcels of Real Prop., 941 F.2d at 1437 (quoting Anderson, 477 U.S. at 255). The Court will consider Defendant's motion in light of this standard.

D.   Discussion

Under Georgia law, owners or occupiers of land owe business invitees a legal duty to keep the premises safe under O.C.G.A. § 51-3-1, which states:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

This duty requires "inspecting the premises to discover anticipated dangerous conditions about which the owner does not have actual knowledge and taking reasonable precautions to protect invitees from dangers foreseeable from the use of the premises." Yager v. Wal-Mart Stores, Inc., 257 Ga. App. 215, 216 (2002). To state a claim for negligence in a slip-and-fall action, more than an unfortunate event must be shown. Id. An invitee must show: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or

conditions within the control of the owner/occupier." <u>Robinson v.</u>
<u>Kroger Co.</u>, 268 Ga. 735, 748 (1997).

The foundation of an owner or occupier's liability to an
invitee is superior knowledge of the hazard. <u>Id.</u> at 736. To
survive summary judgment, a plaintiff must therefore provide
specific evidence that gives rise to a triable issue on the
question of the owner or occupier's knowledge. <u>Sharfuddin v. Drug</u>
<u>Emporium, Inc.</u>, 230 Ga. App. 679, 684 (1998). Plaintiff must
point to a triable issue as to Publix's knowledge of the hazard by
raising an inference that Publix possessed actual or constructive
knowledge of the hazard. <u>Robinson</u>, 268 Ga. at 747-48. Because
the Court finds that Plaintiff fails to present sufficient
evidence to raise a triable issue as to Publix's superior
knowledge, Publix is entitled to summary judgment. The Court need
not, therefore, consider Plaintiff's knowledge of the hazard.

Plaintiff has provided no evidence to suggest that Publix had
actual knowledge of the hazard.    Plaintiff must, therefore, show
that Publix had constructive knowledge of the hazardous condition.
Constructive knowledge can be demonstrated:

> (1) by showing that a store employee was present in the
> immediate area and could easily have seen the substance
> and removed it, or (2) by showing that the substance had
> been on the floor for such a time that it would have
> been discovered and removed had the proprietor exercised
> reasonable care in inspecting the premises.

<u>Wallace v. Wal-Mart Stores, Inc.</u>, 272 Ga. App. 343, 345 (2005).

Plaintiff has not presented a triable issue as to the first
form of constructive knowledge. Plaintiff has not identified any
employees that may have been in the area prior to Plaintiff's
fall. That an employee approached Plaintiff after she fell does

not establish that he was in the area prior to the fall or that he
could have easily seen the substance and removed it.  See Mucyo v.
Publix Super Markets, Inc., 301 Ga. App. 599, 601 (2009).  Even if
Plaintiff could point to an employee who was present in the area,
Plaintiff has not shown that the hazard could have been easily
seen.  The evidence shows that the hazard was difficult to observe
from a standing position [Doc. 9-6 at 14].  "Inasmuch as the
purported hazard was not readily visible . . ., [Plaintiff] did
not establish that a [Publix] employee could have easily seen and
removed it."  Haskins v. Piggly Wiggly So., Inc., 230 Ga. App.
350, 351 (1998); Blake v. Kroger Co., 224 Ga. App. 140, 144
(1996)(constructive   knowledge   could   not   be   established   by
employee's presence when wet spot on floor was "barely visible").

     Plaintiff's speculation that a videotape may have shown an
employee in the area sometime prior to Plaintiff's fall is
insufficient to create a triable issue.  An inference of Publix's
knowledge "'cannot be based upon evidence which is too uncertain
or   speculative   or   which   raises   merely   a   conjecture   or
possibility.'"  Heath v. Wal-Mart Stores E., LP, 697 F. Supp. 2d
1373, 1382 (N.D. Ga. 2010) (Forrester, J.) (quoting Lovins v.
Kroger Co., 236 Ga. App. 585, 586 (1999)).  Plaintiff argues that
the destruction of a possible videotape of the incident raises an
inference that it contains damaging information pursuant to the
Georgia spoliation statute, O.C.G.A. § 24-4-22.  "[F]ederal law
governs the imposition of spoliation sanctions" in diversity
actions, but courts may also look to state spoliation principles
for guidance.  Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943-
44 (11th Cir. 2005).  Spoliation only occurs when litigation is

pending or reasonably foreseeable.  Graff v. Baja Marine Corp.,
310 F. App'x 298, 301 (11th Cir. 2009).  Without notice that
litigation is contemplated, the destruction of evidence is not
spoliation.  Craig v. Bailey Bros. Realty, Inc., 304 Ga. App. 794,
796 (2010).  The mere fact that an accident has happened does not
constitute notice of potential litigation.  Id. at 796-97.
According to Publix's procedures, a tape from July 15, 2008 would
be destroyed on August 15, 2008, some twenty months before
Plaintiff initiated this action.  Further, on the day of the
incident, Plaintiff indicated that she was "fine."  Nothing about
the incident would trigger a duty to preserve evidence.  Plaintiff
is not entitled to the benefit of the adverse inference she seeks.
Without non-speculative evidence that an employee was nearby or
that the hazard was readily visible, Plaintiff has not presented
a triable issue as to the first form of constructive knowledge.

Plaintiff also cannot establish a triable issue as to the
second form of constructive knowledge--that the substance would
have been discovered and removed had the proprietor exercised
reasonable care in inspecting the premises.  Defendant bears the
initial burden of showing the exercise of reasonable care in
inspecting the premises.  Hopkins v. Kmart Corp., 232 Ga. App.
515, 517 (1998); Hutchins v. J.H. Harvey Co., 240 Ga. App. 582,
585 (1999).  Publix, by its "Don't Pass It Up, Pick It Up" policy,
instructs employees to maintain a continuous lookout for spills
throughout their shifts.  On the date of Plaintiff's incident,
employee Christopher Cook occasionally patrolled the Meat
Department throughout the closing shift.  Similar inspection
procedures have been held reasonable as a matter of law.  See

15

Haskins, 230 Ga. App. at 350-51 (upholding summary judgment for grocery store where managers continuously monitored the store during business hours for spills and checked the store for hazards "periodically during the day").

Even if this evidence were insufficient to show Publix is unable to show implementation of reasonable inspection procedures, Publix cannot be charged with constructive knowledge. Summary judgment is proper when the alleged hazard is "so difficult to detect" that a reasonable inspection would not reveal it. Chastain v. CF Ga. N. DeKalb L.P., 256 Ga. App. 802, 804 (2002). "'Constructive knowledge can only be inferred with proof that the proprietor or its agent could have easily discovered and corrected the alleged hazard.'" Id. (quoting Lindsey v. Ga. Bldg. Auth., 235 Ga. App. 718, 720 (1998)); Ware Cnty. v. Medlock, 192 Ga. App. 542, 550 (1989) ("[E]ven outright proof of a failure to inspect . . . proves nothing if there is no evidence that an 'inspection' would have enabled the defendant to discover the concealed defective condition, such that his failure to discover and correct it was *causative* of the plaintiff's injury.").

Donna Neese testified in deposition that, "From where I was standing, you couldn't see anything," but that she "had to bend over down to look close to see the water" [Doc. 9-6 at 11, 14]. She further stated that, "You couldn't really observe it from up high." [Doc. 9-6 at 14]. In light of this testimony, Plaintiff has failed to establish a triable issue that a reasonable inspection procedure would have shown the hazard. Plaintiff cannot establish the second type of constructive knowledge. Because there is no evidence to prove constructive knowledge, a

16

necessary element of the non-moving party's case, this matter is fit for summary judgment.

V.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Stay Ruling [Doc. 20] is GRANTED; Plaintiff's Motion for Sanctions [Doc. 18] is DENIED; Plaintiff's Motion for Extension of Time to Respond [Doc. 15] is GRANTED; Plaintiff's Motion for Leave to File Supplemental Response [Doc. 31] is GRANTED; and Defendant's Motion for Summary Judgment [Doc. 9] is GRANTED.

SO ORDERED, this  9  day of March, 2012.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE